UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER PALACIO COWAN,

    Plaintiff,

                                                           Civil Action No. 11-CV-11840
vs.                                                     HON. MARK A. GOLDSMITH

ST. JOHNS PROVIDENCE HEALTH SYSTEM,

    Defendant.
_____/

**OPINION AND ORDER ACCEPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT**

**I.     Introduction**

Before the Court is the Report and Recommendation (R&R) of Magistrate Judge Michael Hluchaniuk (Dkt 17) concerning Defendant's pending motion to dismiss, or alternatively, for summary judgment (Dkt 6). The complaint alleges three claims: (i) negligent administration of a health insurance plan, (ii) negligent provision of a safe work environment, and (iii) breach of contract. The R&R recommends that Defendant's motion (i) be denied with regard to the claim alleging negligent administration of a health insurance plan, (ii) be granted with respect to the claim alleging negligent provision of a safe work environment, and (iii) be denied with respect to the claim alleging breach of contract, and that Plaintiff be allowed to amend regarding this claim.

Both parties have filed objections to the R&R (Dkts 18 & 19), and Defendant has responded to Plaintiff's objections (Dkt. 21). The Court has reviewed the R&R, along with the

parties' motion papers and subsequent filings. Although the Court finds the R&R to be thorough and well-written,[1] the Court is compelled to address an issue – failure to state a claim – not squarely covered by the R&R or the parties. For the reasons set forth below, the Court concludes that Plaintiff has failed to state an ERISA claim. Accordingly, Defendant's motion will be granted as to the ERISA claim, however, not on the statute-of-limitations grounds it argued. Further, the allegations purporting to be an ERISA claim will be dismissed without prejudice to Plaintiff refiling an amended complaint properly stating an ERISA claim. As it would be premature for the Court to pass on Plaintiff's supplemental state-law claims before knowing whether Plaintiff will articulate a proper federal claim, the Court will deny Defendant's motion without prejudice as to Plaintiff's two state claims, and without prejudice to refiling the motion should Plaintiff amend her complaint. If Plaintiff fails to timely file an amended complaint, the state-law claims will be remanded to state court.

**II.      Analysis**

This case was removed from Macomb County Circuit Court by Defendant on April 27, 2011. The basis for the removal was that Plaintiff's allegations in support of her claim for negligent or improper administration of a healthcare plan were actually alleging a violation of ERISA[2] because the health insurance plan to which Plaintiff's claims refer is an employee welfare benefit plan as defined by ERISA. See Notice of Removal at 3 (Dkt. 1). The other remaining state claims would be subject to supplemental jurisdiction. See id. at 3-4. Plaintiff did not object to the removal of the case and has conceded that her first claim is actually an ERISA claim. See Pls Obj at 2 (Dkt. 18).

---

[1] The Court notes that the Magistrate Judge required the parties to submit supplemental briefing on the impact of the recent Supreme Court case, CIGNA Corp. v. Amara, 131 S. Ct. 1866 (2011), and also conducted a hearing on the motion.

[2] Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.

Despite the fact that Plaintiff acknowledges that she is bringing an ERISA claim against Defendant, Plaintiff's complaint was never amended to state under which portion of the ERISA statute the claim is being brought. Nor has Plaintiff otherwise characterized the nature of her ERISA claim. The complaint's allegations in support of this claim are as follows:

### **THE ALLEGATIONS RELATING TO FAILURE TO APPROVE PROPER MEDICAL TREATMENT**

…

St. Johns provided employees with health insurance through a branch of its company.

Premiums were deducted from Mrs. Cowan's paycheck every month to pay for the St. Johns' health insurance.

The insurance plan required Mrs. Cowan to use St. Johns' facility if she became ill, otherwise she would lose significant insurance benefits.

In August of 2008, Mrs. Cowan needed medical treatment for symptoms of Crohns disease.

Her doctor, Dr. Robert Veneri, following the standard medical practices, ordered that she be treated with Remicade.

St. Johns, however, sought to save money and negligently refused to allow the Remicade treatment and instead only authorized Predisone treatment, a steroid that causes numerous side effects.

Mrs. Cowan appealed within St. Johns the decision to deny her Remicade, but her appeal was rejected.

Mrs. Cowan suffered numerous ill effects from the Prednisone treatment, which thinned her tissue and caused her to suffer a perforated colon, melted her appendix, caused a lower quadrant abscess, and caused her to become borderline septic.

Mrs. Cowan nearly died from the abscess and if she had not made it to the hospital in time for an emergency procedure she likely would have died.

As a result of the above complications caused by St. Johns refusal to allow her to be treated with Remicade, Mrs. Cowan was hospitalized for three months and

missed seven months of work, and had to undergo numerous painful and damaging medical procedures.

She is also left with a four inch scar on her abdomen as a result of surgery that was required from the Prednisone treatment.

Moreover, during her time at hospital, Mrs. Cowan was provided with substandard hospital care, including putting her in a room with no shower facility, a room without proper outlets causing the staff to have electrical cords hanging over her in the bed and failing to take her temperature on a regular basis.

She suffered extreme pain, suffering, loss of enjoyment of life and humiliation during this time.

When St. Johns finally allowed her to begin Remicade treatment, the ill effects disappeared and she became healthy and functional again.

Compl. ¶¶ 7-20 (Dkt. 1 at 5-7 cm/ecf pagination).

The Court concludes that it is unclear what precisely Plaintiff's ERISA claim is, or pursuant to what provision of ERISA Plaintiff seeks relief. Accordingly, Plaintiff has failed to state a claim under the governing standard. In order to properly state a claim,

> the plaintiff must provide the grounds for its entitlement to relief, Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001), and that "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A plaintiff must "plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. A plaintiff falls short if she pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct . . . ." Id. at 1949, 1950.

Albrecht v. Treon, 617 F.3d 890, 893 (6th Cir. 2010).

Because, at this point, the complaint simply does not allege any particular ERISA claim, the Court would have to speculate as to the specific nature of Plaintiff's ERISA claim in order to understand the claim in the first place, and further, to analyze whether it was brought within the

4

statute of limitations.³  The necessity of such speculation indicates that the complaint is insufficient.  See Bell Atlantic, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").  In addition, as the Court does not have a clear understanding of the nature of Plaintiff's claims, Defendant, too, necessarily does not have proper notice of the legal claim it faces.  See Bell Atlantic, 550 U.S. at 555 (defendants entitled to be given "fair notice of what the . . . claim is and the grounds upon which it rests") (quoting Conley v. Gibson, 355 U.S. 41, 47 (1975)).

Accordingly, at this point Plaintiff fails to state an ERISA claim.  The allegations purporting to state an ERISA claim will be dismissed without prejudice; the Court grants Plaintiff leave to amend the complaint to set forth an ERISA claim.  If Plaintiff chooses to do so, she is directed to articulate specifically the nature of the claim, and the specific ERISA provisions that are invoked.  If Plaintiff does not file and serve an amended complaint within fourteen days of today's date, the dismissal of that claim will be converted to a dismissal with prejudice and Plaintiff's state-law claims will be remanded to state court.

**IV.   Conclusion**

For the foregoing reasons, the Court accepts in part and rejects in part the R&R (Dkt. 17).  Defendant's motion (Dkt. 6) is granted in part and denied in part (without prejudice to refiling).  Plaintiff must submit any amended complaint within fourteen days of today's date.

---

³ The nature of Plaintiff's ERISA claim potentially has an impact on the statute-of-limitations issue raised by Defendant.  For example, while a limitation period agreed upon by the parties governs claims where ERISA does not provide a statute of limitations, see Medical Mut. of Ohio v. k. Amalia Enterprises Inc., 548 F.3d 383, 390-91 (6th Cir. 2008), ERISA itself does provide the governing statute of limitations concerning at least one type of ERISA claim.  See id. at 390 n.5 (noting that 29 U.S.C. §1113 provides the statute of limitations for suits brought to redress a fiduciary's breach of its obligations).

SO ORDERED.


Dated:  March 27, 2012                                          s/Mark A. Goldsmith
      Flint, Michigan                                      MARK A. GOLDSMITH
                                                                 United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 27, 2012.

                                                                  s/Deborah J. Goltz
                                                                  DEBORAH J. GOLTZ
                                                                  Case Manager